UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOVADORE BODE,                              )
                                            )
           Plaintiff,                       )
                                            )
     v.                                     )  No. 06 C 2981
                                            )
CARNIVAL CORPORATION, a Panama corporation; )  Judge John W. Darrah
a foreign corporation d/b/a CARNIVAL CRUISE )
LINES; and SENSATIONAL TRAVEL, L.C.C.,      )
a foreign corporation d/b/a/ MVI TRAVEL,    )
                                            )
           Defendants.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lovadore Bode, filed suit against Defendants in the Circuit Court of Cook County, Illinois. Defendants removed the action to this Court and seek to dismiss or transfer the cause of action.

## BACKGROUND

A reading of the Complaint and the materials submitted by the Defendants[1] supports the following summary of facts.

On March 14, 2005, Bode was a passenger on a Carnival cruise ship. While on the cruise ship, Bode was engaged in physical activity when she slipped on a liquid, which caused her to fall and sustain personal injury. Bode was taken to the staff physician of the cruise ship to receive treatment for a fracture in her right leg. The staff physician negligently treated Bode's injuries, and she has suffered injuries and damages from the negligent treatment.

---

[1] Plaintiff did not file a response to Defendants' motion.

As a passenger on the cruise ship, Bode received a ticket booklet. The ticket booklet contains the following forum-selection clause:

> 15. It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which Federal Courts of the United States subject matter lack jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Court of any other county, state or country.

The cover page of the ticket booklet directs passengers to the pages of the contract containing the forum-selection clause:

> **IMPORTANT NOTICE TO OUR GUESTS**: THE GUEST TICKET CONTRACT IN THIS BOOKLET CONTAINS CONDITIONS ON NUMBERED PAGES 1 THROUGH 11 IN THE REAR PORTION OF THIS BOOKLET. YOUR ATTENTION IS DIRECTED TO THESE CONDITIONS, CERTAIN OF WHICH CONTAIN IMPORTANT LIMITATIONS ON RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST THE CRUISE LINE, VESSEL, OR THEIR AGENTS AND EMPLOYEES. PLEASE READ THE CONTRACT AND THESE TERMS AND RETAIN THE CONTRACT FOR FUTURE REFERENCE.

The first page of the ticket booklet includes the following notice:

> <u>IMPORTANT NOTICE TO GUESTS</u>
>
> THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING ON THE FOLLOWING 11 PAGES. THE PROVISIONS ON THE FOLLOWING PAGES OF THIS CONTRACT ARE INCORPORATED AS THOUGH FULLY REWRITTEN ON THE FACE OF THIS CONTRACT. <u>NOTICE</u>: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1 AND 13 THROUGH 17, WHICH CONTAIN

IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS.

The third page of the ticket booklet also includes "IMPORTANT REMINDERS," including "All guests must familiarize themselves with the specific conditions and liabilities in the Terms and Conditions of Contract." Bode received the ticket booklet and signed and returned the Guest Ticket Acknowledgment form included in the booklet, which states that she "received, read, and agree[d] to the **Terms and Conditions of the Guest Ticket Contract.**"

## ANALYSIS

A challenge to venue based on a forum-selection clause is appropriately brought as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006). Plaintiff bears the burden of establishing that venue is proper when a defendant challenges venue. *See Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005). The court may also consider facts outside of the complaint when determining whether venue is proper. *See Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

A cruise ticket is a maritime contract requiring admiralty law be applied when interpreting and determining the validity of the provisions found within a cruise ticket. *See Carnival Cruise Line, Inc. v. Shute*, 499 U.S. 585, 590 (1991). Historically, forum-selection clauses have been disfavored by courts because they tended to oust a court's jurisdiction. *M.S. Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9 (1972) (*Bremen*). In *Bremen*, the Supreme Court abandoned this rationale and held that forum-selection clauses should control unless there is a strong showing that it should be set aside. *Bremen*, 407 U.S. at 15.

3

Forum-selection clauses are *prima facie* valid and are enforceable unless the opposing party can demonstrate that the clause is "unreasonable under the circumstances." *Bremen*, 407 U.S. at 10. The "unreasonable under the circumstances" exception is construed narrowly; and forum selection clauses are enforceable unless: (1) the forum-selection clause was incorporated into the contract through fraud, undue influence or overweening bargaining power; (2) the forum-selection clause is so difficult and inconvenient that the opposing party would essentially be deprived of their day in court; or (3) the enforcement of the forum-selection clause would contravene a strong public policy. *See Bremen*, 407 U.S. at 12-15; *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993).

In the instant case, a valid forum-selection clause was included in Bode's cruise ticket packet. The forum-selection clause was reasonably communicated to Bode, and there are no allegations or suggestions that enforcement of the forum-selection clause would be unreasonable under the circumstances. Pursuant to the forum-selection clause, this Court is not the proper venue for Bode's Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice. Defendants' alternative Motion to Transfer is denied as moot.

Dated: 8-21-06

JOHN W. DARRAH
United States District Court Judge

4